**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| SHANGYOU JIAYI LIGHTING PRODCUT CO., LTD., | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 1:24-cv-15248 |
| v. | ) ) | JURY TRIAL DEMANDED |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, | ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

Shangyou Jiayi Lighting Product Co., Ltd. ("Jiayi"), by and through its attorneys, hereby brings the present action against the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants") and alleges as follows.

## JURISDICTION AND VENUE

1.      This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a)–(b).

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, internet e-commerce stores[1] operating under the seller aliases identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically,

---

[1] URL links of these e-commerce defendant internet stores are listed on Schedule A hereto.

Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers, offer shipping to the United States, including Illinois, accept payment in U.S. dollars, and, on information and belief, have sold products featuring Plaintiff's patented design to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

3.      Joinder of the Defendants is proper pursuant to 35 U.S.C. § 299 as the Defendants are all offering for sale the same or similar infringing product and this case will involve common questions of fact to all Defendants and the Defendants' infringing acts arise out of the same transaction, occurrence, or series of transactions or occurrences related to the making, using, importing into the United States, offering for sale, or selling of the same or similar accused product or process.

## INTRODUCTION

4.      This action has been filed by Jiayi to combat online infringers who trade upon Jiayi's patented design by making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use of the same unauthorized and unlicensed product, namely the vine lamp products ("the Infringing Products"), that infringe Plaintiff's United States Patent US 10,082,258 ("the '258 Patent").

5.      Defendants create e-commerce stores that are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use Infringing Products to unknowing consumers. E-commerce stores share unique identifiers establishing a logical relationship between them, suggesting that Defendants' operation arises out of the same

2

transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid and mitigate liability by operating under one or more Defendant Internet Stores to conceal both their identities and the full scope and interworking of their operation. Jiayi has filed this action to combat Defendants' infringement of its patented design, as well as to protect unknowing consumers from purchasing Infringing Products over the Internet. Jiayi has been and continues to be irreparably damaged from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing its patented design as a result of Defendants' actions and seeks injunctive and monetary relief.

## **PARTIES**

6.      Plaintiff Shangyou Jiayi Lighting Product Co., Ltd. is a Chinese company founded on March 20, 2014. Its principal place of business is at Shangyou Industry Park, Shangyou County, Ganzhou City, Jiangxi Province, China.

7.      Jiayi has been engaged in the business of designing, manufacturing, and marketing lighting products including, but not limited to, vine lamp products ("Jiayi Products") for both indoor and outdoor decoration, especially in holiday seasons. Jiayi Products can be purchased from e-commerce platforms, such as Alibaba.com, as well as from retailers, resellers, and/or importers selling Jiayi Products on Amazon, eBay, AliExpress, Temu, Alibaba, Walmart, Target, and/or other websites. Since at least 2014, Jiayi, on its own and/or via retailers, resellers, and/or importers, has marketed, advertised, promoted, exported, and/or sold Jiayi Products to consumers in the United States.

8.      Jiayi's vine lamp products are loved by customers at least because of its unique patented design claimed in the '258 Patent, where, a first conducting wire section 110 and a third

conducting wire section 112 intersect and are wound with each other and not with second conducting wire sections 111, and each of the second conducting wire sections 111 is wound with one or more other second conducting wire sections 111, thus solving the issue of traditional vine lamp products having a bloated size.

| Patent Number | Representative Figure | Issue Date |
|---|---|---|
| US 10,822,258 |  | September 25, 2018 |

9.      Jiayi is the lawful assignee of all right, title, and interest in and to United States Patent US 10,082,258 ("the '258 Patent"), entitled VINE LAMP AND PRODUCTION METHOD

THEREOF. The '258 Patent was duly and legally issued on September 25, 2018. Attached as Exhibit 1 is a true and accurate copy of the '258 Patent.

10.     Defendants are individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under at least the Defendant Internet Stores identified on Schedule A and/or other Defendant Internet Stores not yet known to Jiayi. On information and belief, Defendants reside and/or operate in the People's Republic of China or other foreign jurisdictions with lax intellectual property enforcement systems, or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

11.     On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Defendant Internet Stores listed in Schedule A attached hereto. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Jiayi to discover Defendants' true identities and the exact interworking of their network. If Defendants provide additional credible information regarding their identities, Jiayi will take appropriate steps to amend the Complaint.

## DEFENDANTS' UNLAWFUL CONDUCT

12.     Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Defendant Internet Stores, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and/or funds from U.S. bank accounts, and, on information and belief, have sold Infringing Products to residents of Illinois.

13. Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of online marketplaces and user accounts. On information and belief, Defendants regularly create new online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their operation, and to avoid being shut down.

14. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores demonstrating a series of interrelated acts of infringement. The Defendant Internet Stores are believed to include notable common features beyond selling the exact same infringing products, including the same or similar product images, the accepted payment methods, check-out methods, meta data, illegitimate SEO tactics, lack of contact information, identically or similarly priced items and volume sales discounts, similar hosting services, and the use of the same text and images.

15. In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

16. On information and belief, e-commerce store operators like Defendants are also in constant communication with each other and regularly participate in WeChat groups and through

websites such as sellerdefense.cn and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

17.     Further, infringers such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of plaintiffs' enforcement efforts, such as take down notices. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court.

18.     Defendants, without any authorization or license from Plaintiff, have knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use, products that infringe directly and/or indirectly the '258 Patent, and continue to do so via the Defendant Internet Stores. Each Defendant Internet Store offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Infringing Products into the United States, including Illinois.

19.     Defendants' infringement of the '258 Patent in the offering to sell, selling, and/or importing of the Infringing Products is and has been willful.

20.     Defendants' infringement of the '258 Patent in connection with the offering to sell, selling, and/or importing of the Infringing Products, including the offering for sale and sale of Infringing Products into Illinois, is irreparably harming Plaintiff.

## COUNT I

(Infringement of the '258 Patent)

21.     Jiayi repeats and realleges each of the preceding paragraphs as though fully set forth herein.

22.     Defendants are working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and/or sell infringing products in the same transaction, occurrence, or series of transactions or occurrences.

23.     Defendants, without any authorization or license from Plaintiff, have jointly and severally, knowingly and willfully, offered for sale, sold, and/or imported into the United States for subsequent resale or use the product that infringes directly and/or indirectly the '258 Patent.

24.     Specifically, Defendants have infringed and continue to infringe at least claim 1 of the '258 Patent by making, using, importing, selling, and/or offering to sell their infringing products in the United States without authorization or license from Plaintiffs.

25.     Defendants have profited by their infringement of the '258 Patent, and Plaintiffs have suffered actual harm as a result of Defendants' infringement.

26.     Defendants have infringed the '258 Patent and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Jiayi to suffer irreparable harm resulting from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented invention. Jiayi is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

27.     Jiayi is entitled to recover damages adequate to compensate for the infringement as appropriate pursuant to 35 U.S.C. § 284.

## PRAYER FOR RELIEF

WHEREFORE, Shangyou Jiayi Lighting Product Co., Ltd. requests judgement against Defendants as follows:

A.       That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from: (1) making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the Infringing Product; (2) aiding, abetting, contributing to, or otherwise assisting anyone in making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use the Infringing Product; and (3) effecting assignment or transfer, forming new entities or associations, or utilizing any other device for the purpose of circumventing or otherwise avoiding prohibitions set forth in (1) and (2);

B.       Entry of an Order that, upon Jiayi's request, those with notice of the injunction, including, without limitation, any online marketplace platforms, including but not limited to Amazon, eBay, AliExpress, Alibaba, Temu, Walmart, Target, and other websites (collectively, the "Third Party Providers"), shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of the Infringing Product;

C.       That Jiayi be awarded such damages as it shall prove at trial against Defendants that are adequate to compensate Jiayi for Defendants' infringement of the '258 Patent, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs, pursuant to 35 U.S.C. § 284;

D.       That the amount of damages awarded to Jiayi to compensate Jiayi for infringement of the '258 Patent be increased by three times the amount thereof, as provided by 35 U.S.C. § 284;

E.    That Jiayi be awarded its reasonable attorneys' fees and costs; and

F.    Award any and all other relief that this Court deems just and proper.


Dated: February 16, 2024                    Respectfully submitted,


                                            /s/
                                            Allen Justin Poplin, NDIL 21598
                                            **AVEK IP, LLC**
                                            7285 W. 132nd Street, Suite 340
                                            Overland Park, KS 66213
                                            Phone: (913) 303-3841
                                            Fax: (913) 549-4646
                                            jpoplin@avekip.com

                                            *Attorneys for Plaintiff*

## VERIFICATION

I, Xuede Gao, hereby declare and state that:

1.  I am the general manager of Shangyou Jiayi Lighting Product Co., Ltd ("Jiayi"). As such, I am authorized to make this verification on behalf of Shangyou Jiayi Lighting Product Co., Ltd.

2.  Jiayi is the lawful assignee of all right, title, and interest in and to United States Patent US 10,082,258 ("the '258 Patent"), entitled VINE LAMP AND PRODUCTION METHOD THEREOF. The '258 Patent was issued on September 25, 2018.

3.  I have read the forgoing verified complaint, and based on my personal knowledge and my knowledge of information reported to me by subordinates and colleagues who report to me, the factual allegations contained in the forgoing verified complaint are true.

I declare that all statements made herein are true and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment or both under 18 U.S.C. §1001.

Xuede Gao
Xuede Gao

Signed this *13th* day of February 2024

Shangyou Jiayi Lighting Product Co., Ltd.

v.

The Partnerships And Unincorporated Associations Identified On Schedule A

## Schedule A

| | Defendant Internet Stores | | | |
|---|---|---|---|---|
| No | URL | ASIN | Name / Seller Alias | Amazon Seller ID |
| 1 | | | | |
| 2 | | | | |
| 3 | | | | |
| 4 | | | | |
| 5 | | | | |
| 6 | | | | |
| 7 | | | | |
| 8 | | | | |
| 9 | | | | |
| 10 | | | | |
| 11 | | | | |

