UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHANGYOU JIAYI <br> LIGHTING PRODUCT CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> PARTNERSHIPS AND <br> UNINCORPORATED ASSOCIATIONS <br> IDENTIFIED ON SCHEDULE A, <br><br> Defendants. | Case No.: 1:24-cv-01358 <br><br> Judge Virginia M. Kendall <br><br> JURY TRAIL DEMANDED |

## ORDER EXTENDING TEMPORARY RESTRAINING ORDER

A Temporary Restraining Order [13] was granted and entered by this Court on February 27, 2024. Shangyou Jiayi Lighting Product Co., Ltd. ("Jiayi" or "Plaintiff") has now filed an *Ex Parte* Motion to Extend the Temporary Restraining Order [15] and a supporting Memorandum [17]. After reviewing the Motion and the accompanying record, this Court GRANTS Plaintiff's Motions and orders that the Temporary Restraining Order ("TRO") entered on February 27, 2024 shall be extended for a period of fourteen (14) days until 9:15 AM on March 26, 2024, and shall apply to the Defendants identified in Schedule A attached to the TRO.

Pursuant to Federal Rule of Civil Procedure 65, a TRO can be entered for 14 days and can be extended for good cause for an additional 14 days. Fed. R. Civ. P. 65(b)(2). This Court finds good cause for an extension and that additional time is needed before a preliminary injunction hearing can be held in this case for at least the reasons stated herein. Specific facts in the Declaration of Allen Justin Poplin show that additional time is needed for service. Good cause also exists for the extension because there is a high probability that the Defendants will continue to harm Plaintiff without the TRO in place. Specifically, Defendants will likely attempt to move any

assets from their financial accounts to offshore accounts. As found in granting the TRO, this possibility of harm is significant. Accordingly, in the interest of justice, extension of the TRO is necessary.

This Court also finds that issuing this Order without notice pursuant to Rule 65(b)(1) of the Federal Rules of Civil Procedure is appropriate because Plaintiff has presented specific facts in the Complaint and accompanying evidence clearly showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Specifically, in the absence of an ex parte order, Defendants could and likely would move any assets from accounts in financial institutions under this Court's jurisdiction to offshore accounts. As this Court and other courts have recognized, proceedings against those who deliberately traffic in infringing merchandise are often useless if notice is given to the adverse party. Accordingly, this Court orders that the TRO shall be extended for a period of fourteen (14) days until 9:00 AM on March 26, 2024.

_____
Virginia M. Kendall
United States District Judge